# ORIGINAL

CADES SCHUTTE LLP

MILTON M. YASUNAGA   3058-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii  96813-4216
Telephone:  (808) 521-9200
Facsimile:  (808) 540-5053
E-mail:  myasunaga@cades.com

Attorneys for Plaintiff
KLC LAND COMPANY, LLC



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 01 2010

at 8 o'clock and 30 min. M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KLC LAND COMPANY, LLC, a Hawaii limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP, a Delaware limited partnership,<br><br>        Defendant. | CIVIL NO. 10-00138  JMS LEK (Trademark)<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF KLC LAND COMPANY, LLC, AND AGAINST FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP; AND DISMISSAL OF REMAINING CLAIMS |

CONSENT JUDGMENT AND PERMANENT INJUNCTION
IN FAVOR OF KLC LAND COMPANY, LLC, AND
AGAINST FESTIVAL RETAIL FUND 1 FAIRWAY
<u>SHOPS, LP; AND DISMISSAL OF REMAINING CLAIMS</u>

Plaintiff KLC LAND COMPANY, LLC ("Plaintiff" or "KLC") and

Defendant FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP, ("Defendant"

or "Festival"), in compromise and settlement of this action on the terms and

conditions of a settlement agreement made between them, having agreed that a

consent judgment and permanent injunction should be entered between them and

good cause appearing therefor,

IT IS ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter and the parties to this

action, and venue is proper in this District.

2. The parties have entered into a settlement agreement and the United

States District Court for the District of Hawaii has jurisdiction to enforce the

settlement agreement.

3. Judgment is entered in favor of KLC LAND COMPANY, LLC and

against FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP.

4. FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP, and its member

partners, and their members, owners, officers, directors, agents, rental or sales

agents, servants, employees, assigns, and attorneys, and those persons or entities

acting by, through, under, in active concert or participation with them, in any

manner whatsoever, directly or indirectly, are immediately and permanently

enjoined from:

    (a)    Using the name "Fairway Shops at Kaanapali" (whether or not

             capitalized) (alone or in conjunction with other words, terms, or

             designs) on or in any signage, stationery or other printed matter,

advertisements (including but not limited to internet advertising), websites, or other uses (but Defendant is not enjoined from using the name "Fairway Shops" alone, without "Kaanapali");

(b) Using "Kaanapali" (whether or not capitalized) (alone or in conjunction with other words, terms, or designs) as or in a trade name, business name, trademark, or service mark (including in any headings or titles);

(c) Using, in any manner in connection with the advertising or promotion of any real property or sales of goods or services, the designation "Kaanapali" (whether or not capitalized) (alone or in conjunction with other words, terms, or designs) or any other designation, trade name, or trademark, or service mark that is confusingly similar to any of Plaintiff's "Kaanapali" marks or tradenames;

(d) Using "Kaanapali" (whether or not capitalized) (alone or in conjunction with other words, terms, or designs) in any Internet domain names;

(e) Using "Kaanapali" (whether or not capitalized) (alone or in conjunction with other words, terms, or designs) in any Internet

website name, or in meta tags, web site keywords, header files and other web page portions not visible to users, and web site wallpaper/backgrounds of those websites;

(f)  Applying to register, or registering, or maintaining a registration, for any Internet domain name, trade name, business name, trademark, service mark, or other designation anywhere in the world that contains "Kaanapali" (whether or not capitalized);

(g)  Using any false designation of origin or false descriptions that may or are likely to lead the trade or public or individual members thereof to believe that Defendant's name, mall or business is approved by, sponsored by, affiliated with, or are in any other way connected with Plaintiff;

(h)  Using "Kaanapali" (whether or not capitalized) (alone or in conjunction with other words, terms, or designs) in any advertisements or promotions (to include other means, methods, manners, and techniques of promoting its current or future business ventures by way of existing or new technological advances used for marketing, promoting or advertising), except to state as a fact that Fairway Shops is located near or adjacent

to or within the "Kaanapali Beach Resort" development;

(i)    Challenging the validity, priority, enforceability, ownership, fame, or distinctiveness of "Kaanapali" or any of the Marks or Plaintiff's claimed rights therein (including, but not limited to, asserting that "Kaanapali" [whether or not capitalized] [alone or in conjunction with other words] is a geographic term, or, if deemed a geographic term in the future, that "Kaanapali" is lacking in secondary meaning or distinctiveness), or assisting or encouraging any third-party to do so;

(j)    Filing trademark applications for any mark that is likely to cause confusion with or be confusingly similar to the Marks; or, if any such applications are granted, retaining or acquiring any such trademark registrations;

(k)    Publicly displaying or distributing any copies of any of the Marks or any marks that are confusingly similar to any of the Marks;

(l)    Using any of the Marks or any mark that is confusingly similar to, or dilutes the distinctiveness of, any of the Marks;

(m)    Under any circumstances (including in the event of violation of the settlement agreement, litigation, or other dispute with KLC)

challenging or denying, or assisting or encouraging others to challenge or deny:  KLC's ownership of, or the validity or enforceability of, KLC's ownership of, or the fame, validity or enforceability of, any of the Marks;

(n)     Changing its form of doing business or organizational identity in any way that might arguably result in an avoidance of the terms of this injunction or of the terms of the settlement agreement between the parties;

(o)     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities or conduct prohibited above.

Notwithstanding anything in this injunction to the contrary, this injunction does not require Festival to amend any existing executed agreements that contain the name "Fairway Shops at Kaanapali", but Festival shall comply with the terms of this injunction respecting all future amendments and documentation.

5. In the event KLC learns of any use of any Mark by Festival in violation of the settlement agreement or this Consent Judgment and Permanent Injunction, KLC shall promptly give Festival written notice as provided in the parties' settlement agreement and with copies to the undersigned counsel.  Festival shall have 30 days following receipt of such notice to cure the alleged breach and to

provide written notice to KLC that the breach has been cured.  If Festival shall not have cured such breach and provided notice of its cure within 30 days from receipt of notice of the breach, KLC shall immediately be entitled to enforce this Consent Judgment and Permanent Injunction and to recover from Festival the reasonable attorneys' fees and costs actually incurred by KLC in connection therewith.

6.  As part of the settlement agreement between the parties and based on their stipulation, all of the parties' other claims and counterclaims, and parts thereof, are dismissed with prejudice.

7.  The parties shall bear their own costs and attorneys' fees.

8.  This stipulation is signed by all parties who have appeared or been named in this action.  There are no remaining parties and/or issues.

DATED:  Honolulu, Hawaii, _August 31_, 2010.


_____
JUDGE OF THE ABOVE-ENTITLED
COURT


--------------------------------------------------------------------------------

KLC Land Company, LLC, v. Festival Retail Fund 1 Fairway Shops, LP; Civil No. 10-00138 JMS LEK; United States District Court; District of Hawaii; CONSENT JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF LC, AND AGAINST FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP; AND DISMISSAL OF REMAINING CLAIMS

THE PARTIES APPROVE THE ABOVE AS TO FORM AND CONTENT AND
CONSENT TO THE ENTRY OF THIS JUDGMENT AND INJUNCTION

FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP, by: FRF 1 Fairway Shops, LLC

by _____ Michele Ludovsey

Its _____Vice President_____

KLC LAND COMPANY, LLC

by _____,

Its _____

APPROVED AS TO FORM:

_____

JAY S. HANDLIN

Attorney for FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP;

_____

MILTON M. YASUNAGA
Attorney for KLC LAND COMPANY, LLC

----------------------------------------------------------------------------

KLC Land Company, LLC, v. Festival Retail Fund 1 Fairway Shops, LP; Civil No. 10-00138
JMS LEK; United States District Court; District of Hawaii; CONSENT JUDGMENT AND
PERMANENT INJUNCTION IN FAVOR OF LC, AND AGAINST FESTIVAL RETAIL
FUND 1 FAIRWAY SHOPS, LP; AND DISMISSAL OF REMAINING CLAIMS

THE PARTIES APPROVE THE ABOVE AS TO FORM AND CONTENT AND
CONSENT TO THE ENTRY OF THIS JUDGMENT AND INJUNCTION


FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP
by _____,
Its _____


KLC LAND COMPANY, LLC


_____
by _____,
Its _____


APPROVED AS TO FORM:

_____
JAMS. HANDLIN
Attorney for FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP;


_____
MILTON M. YASUNAGA
Attorney for KLC LAND COMPANY, LLC

----------------------------------------------------------------------

KLC Land Company, LLC, v. Festival Retail Fund 1 Fairway Shops, LP; Civil No. 10-00138
JMS LEK; United States District Court; District of Hawaii; CONSENT JUDGMENT AND
PERMANENT INJUNCTION IN FAVOR OF LC, AND AGAINST FESTIVAL RETAIL
FUND 1 FAIRWAY SHOPS, LP; AND DISMISSAL OF REMAINING CLAIMS

THE PARTIES APPROVE THE ABOVE AS TO FORM AND CONTENT AND CONSENT TO THE ENTRY OF THIS JUDGMENT AND INJUNCTION


FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP
by _____,
Its _____


KLC LAND COMPANY, LLC

by _____ JANIS G. YEE _____,
Its _____ VICE PRESIDENT _____



APPROVED AS TO FORM:


_____

_____
Attorney for FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP;


_____
MILTON M. YASUNAGA
Attorney for KLC LAND COMPANY, LLC

------------------------------------------------------------------------------------

KLC Land Company, LLC, v. Festival Retail Fund 1 Fairway Shops, LP; Civil No. 10-00138 JMS LEK; United States District Court; District of Hawaii; CONSENT JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF LC, AND AGAINST FESTIVAL RETAIL FUND 1 FAIRWAY SHOPS, LP; AND DISMISSAL OF REMAINING CLAIMS